# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.231.24.168, <br><br> Defendant. | Case No. 5:21-cv-08002-SVK <br><br> [PROPOSED] ORDER ON EX-PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE <br><br> Re: Dkt. No. 8 |

**THIS CAUSE** came before the Court upon Plaintiff's Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Application"), and the Court being duly advised does hereby:

**FIND, ORDER AND ADJUDGE:**

Plaintiff's ex parte application for leave to serve a third-party subpoena on Comcast Cable before the Rule 26(f) conference is GRANTED on the following conditions:

- The subpoena shall only request the actual name and address of the subscriber to whom Comcast Cable assigned the above-captioned IP address during the time frame from 14 DAYS BEFORE the date of the first alleged infringing act to 14 DAYS AFTER the date of the last alleged infringing act as set forth in Exhibit A to the Complaint.
- Plaintiff shall attach a copy of this order to the subpoena.

- Plaintiff may not use any information disclosed by Comcast Cable for any purpose other than protecting its rights as set forth in the Complaint.
- Comcast Cable shall, in turn, serve a copy of the **subpoena and a copy of this order** on the subscriber within **14 DAYS** of the date of service on Comcast Cable.
- The return date on the subpoena shall be no less than **45 DAYS** from the date of service on Comcast Cable. Comcast Cable shall not disclose any identifying information about defendant to Plaintiff prior to the return date or prior to the resolution of any motions to quash or modify the subpoena.
- Defendant John Doe will have **30 DAYS** from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with the Court for the district where compliance with the subpoena is required.
- Comcast Cable shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or modify the subpoena.
- If Comcast Cable produces information regarding the Doe Defendant to Plaintiff, Plaintiff shall not publicly disclose that information until Defendant has an opportunity to file a motion with this Court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the Court. If Defendant fails to file a motion for leave to proceed anonymously within **30 DAYS** after his or her information is disclosed to Plaintiff, this limited protective order will expire. If Defendant includes identifying information in his or her request to proceed anonymously, the Court finds good cause to order the papers filed under seal until the Court has an opportunity to rule on the request. *See Digital Sin, 2011 WL 5362068*, at *4. In the event Defendant's request is placed under seal, the court will direct Defendant to submit a copy of the under-seal request to Plaintiff and will ensure that Plaintiff has time to respond.

2
[Proposed] Order on *Ex-Parte* Application for Leave to Serve Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 5:21-cv-08002-SVK

- Plaintiff must seek leave to serve subpoenas on any service provider other than Comcast Cable in this matter.

**SO ORDERED.**

Dated: October 29, 2021

HON. SUSAN VAN KEULEN
United States Magistrate Judge